# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS GONZALEZ, | CV F  05-0439 REC DLB HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| | [Doc. 1] |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant action on February 8, 2005, in the United States District Court for the District of Nevada.  By order of April 4, 2005, the action was transferred to the United States District Court for the Eastern District of California, Fresno Division.  On April 18, 2005, the Court directed Petitioner to submit a certified copy of his prison trust account statement.[1]

On the form petition, Petitioner indicates that he was convicted in the United States District Court in Santa Ana, California.  At the time of filing the petition, Petitioner was incarcerated at the Taft Correctional Institution in Taft, California.

In addition to Petitioner's failure to comply with the Court's order to submit a certified copy of his prison trust account, Petitioner's petition for writ of habeas corpus must be dismissed

---

[1] That order was returned to the Court on April 25, 2005, with a notation "unable to forward."  (Court Doc. 6.)  Petitioner filed a notice of change of address on May 17, 2005.  (Court Doc. 8.)

1

because his claims are not properly raised in a petition brought pursuant to 21 U.S.C. § 2241. Petitioner raises the following claims for relief: 1) denial of effective assistance of counsel, conviction; 2) conviction obtained by plea of guilty was unlawfully induced and involuntary; 3) conviction was obtained in violation of the privilege against self-incrimination; and 4) conviction was obtained by a violation of a protection against double jeopardy.

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each Petition for Writ of Habeas Corpus. The Court must dismiss a Petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing 2254 Cases; see, also, Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

The Court has reviewed the instant case and for the reasons set forth below, finds it must be dismissed.

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v.

United States, 610 F.2d 672, 677 (9th Cir. 1990).

A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention." Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255).  The Ninth Circuit has recognized that it is a very narrow exception. Id; Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003) (a petitioner must show actual innocence *and* that he never had the opportunity to raise it by motion to demonstrate that § 2255 is inadequate or ineffective); Holland v. Pontesso, 2000 WL 1170161 (9th Cir. 2000) (Section 2255 not inadequate or ineffective because Petitioner misses statute of limitations); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see, United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).  The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

In this case, petitioner directly challenges his federal sentence as being in violation of his federal constitutional rights.  Thus, the claims raised are not cognizable in a petition filed pursuant to § 2241.  Petitioner states in the petition on pages 4 and 5 that he previously filed a § 2255 motion which was denied.  Petitioner has not demonstrated that the remedy is inadequate or ineffective.  Petitioner's conclusory allegation that there is a conflict of interest in this case to deny him relief because he previously filed a Bivens action against certain individuals, is insufficient to demonstrate that the relief pursuant to § 2255 is inadequate and/or ineffective.  See Tripati v. Henman, 843 F.2d at 1163 (§ 2255 motion not inadequate or ineffective because of alleged judicial bias as a Petitioner has a remedy available by way of a motion for recusal or disqualification of biased judges.)  Additionally, as noted above, a court's denial of a § 2255

///

motion is insufficient to render § 2255 inadequate. <u>Aronson v. May</u>, 85 S.Ct. at 5. Accordingly, the current petition for writ of habeas corpus pursuant to § 2241 must be dismissed.

<u>RECOMMENDATION</u>

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus be DISMISSED; and

2. The Clerk of Court enter judgment. Thus, terminating this action.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 25, 2005**              **/s/ Dennis L. Beck**
3b142a                                  UNITED STATES MAGISTRATE JUDGE